```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,      :

    Plaintiff,             :

  v.                             :    Case No. 2:06-cr-0117(4)

Anthony Lee Anderson,          :    JUDGE SMITH

    Defendant.             :

## DETENTION ORDER

    The above defendant appeared before the Court for a detention hearing on May 4, 2006.  At the conclusion of the hearing, the Court ordered the defendant detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant, along with three other individuals, was indicted on May 2, 2006 and charged with being part of a conspiracy to distribute and to possess with intent to distribute more than 100 kilograms of marijuana.  The indictment also contained a forfeiture count asking that Mr. Anderson's interest in $350,000 of United States currency seized by the Drug Enforcement Administration on April 28, 2006 be forfeited to the United States.  The indictment creates a presumption that the defendant is both a risk of flight and a danger to the community, and the United States' request for detention is evaluated under the following standard.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties

outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

In addition to the indictment and the Pretrial Services Report, the Court received evidence from United States Probation Officer Robert Cronin and the defendant's mother, Alfreda Anderson.  Mr. Cronin testified that he had supervised the defendant for approximately five years following the defendant's release from prison in 2000.  The defendant was convicted of a drug offense in this Court in 1992 and sentenced to 121 months of imprisonment followed by five years of supervised release.  The defendant was generally compliant with the terms and conditions of his supervised release other than being found guilty of a misdemeanor drug charge in 2002.  At that time, his supervised release conditions were modified to provide for 90 days of home

confinement.  The defendant's mother testified that the defendant could return to her home if released and could be supervised under electronic monitoring at that location.  She also testified that he was a resident in her home when he was convicted of the prior drug offense in 1992.  The Pretrial Services Report indicates that the defendant has a lengthy criminal history, with one serious drug conviction, and a number of other convictions dating back to the mid-1980s.

Under 18 U.S.C. §3142(g), there are a number of additional factors the Court must evaluate in determining whether a presumption of detention has been rebutted.  Those include whether the crime charged involves a maximum sentence of ten years or more, whether it involves narcotics, and whether the defendant has a significant criminal history.  All of those factors are negative in this case.  Positive factors include the defendant's employment, ties to the community, and the fact that he does not have a recent history of drug abuse.  The evidence was equivocal on whether he has an alcohol problem and whether he has consistently appeared in court in the past.  Given the relative weakness of the positive factors, coupled with the presence of additional negative factors and the presumption itself, the Court concluded that the presumption of detention had not been overcome.  As a result, the defendant was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of

this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

```
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
```